UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY DECASTRO,

                Plaintiff,

v.

NORRELL CORPORATION,

                Defendant.

No. 15-CV-944 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

In this action, Gregory Decastro, proceeding *pro se*, sued Norrell Corporation, asserting that the company discriminated against him on the basis of his disability and race. *See* Dkt. 2 at 3. When Norrell failed to appear, Decastro moved for default judgment against it. *See* Dkt. 25. The Court denied Plaintiff's motion for default because he had failed to "establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citation and alterations omitted). Decastro now moves to amend his complaint. *See* Dkt. 30. For the reasons below, that motion is denied without prejudice.

## BACKGROUND

In the original complaint, Plaintiff alleged that Norrell had unlawfully failed to hire him and to accommodate his disability. Decastro alleged that he suffered from several injuries to his legs, knees, back, and neck that limited his employability. He further alleged that Norrell had hired him on a temporary basis but, after he participated in a class action settlement against the company, Norrell "refuse[d] to make any attempt to place" him. Dkt. 2 at 3. According to Decastro, this refusal "made matters worse medically speaking." *Id.* Decastro also checked a box indicating that he believed Norrell had discriminated against him on the basis of his race, but

provided no details in support of that claim.

Norrell failed to respond to the complaint, and Decastro moved for a default judgment. The Court denied Decastro's request for a default because he had not established Norrell's liability as a matter of law. The Court allowed Decastro, however, to file a motion for leave to amend his complaint. He now moves for leave to amend, seeking primarily to name and serve the correct defendant. According to Decastro, Norrell—which was a Georgia corporation—has merged with a different company and is now a Florida corporation under a different name.

In Decastro's motion for leave to amend, he alleges the following facts: his various injuries were caused by vehicle accidents in 2001 and 2010; those injuries were documented through MRIs and impact his abilities to walk, stand, and lift; in the time since he became injured, he has received social security payments for his disability; and he has "continued to seek employment with no success," including employment from Norrell. *See* Dkt. 31 at 6. Decastro also attached an eight-paragraph "printed fact sheet on circumstances of [his] case." *See* Dkt. 30, 31 at 15–16. In it, he alleges that Norrell failed to hire him "in retaliation for his participation in the class action settlement," and he asserts that he made "efforts to be hired for temporary work by Norrell Corp. . . . after he had become disabled." Dkt. 31 at 15–16. At some point, Norrell purportedly told Decastro that he was not placed because "there was no suitable work available." *Id.* at 15. According to Decastro, that statement "was a pretext" because "Norrell Corp. had available placements for which he was qualified but the company did not even consider placing him in retaliation for his efforts to participate in the class action settlement." *Id.*

Decastro further asserts that, "[e]ven though [he] was disabled but otherwise qualified to work as a temporary paralegal, Norrell Corp. failed to even consider placing him," and "Norrell Corp[.] knew plaintiff was disabled because in 2015 Defendant was contacted by the EEOC after Plaintiff filed a complaint." *Id.* at 16. Finally, Decastro alleges that he "believes that Norrell

2

Corp[.] does not want to be bothered with him" and that Norrell "did not want to give Plaintiff an adequate answer . . . regarding why he was not considered for employment." *Id.*

## LEGAL STANDARD

Courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 407 (S.D.N.Y. 2010). Courts need not grant leave to amend, however, when the proposed amendment would be futile. *See Passlogix, Inc.*, 708 F. Supp. 2d at 407 (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "Thus, a proposed amendment must plead sufficient 'factual content' to allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Long v. Parry*, 679 F. App'x 60, 63 (2d Cir. 2017), *cert. denied*, No. 17-373, 2017 WL 4037822 (U.S. Nov. 27, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A court may not enter default judgment against a defendant unless, taking the complaint's factual allegations as true, the plaintiff establishes the defendant's liability as a matter of law. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). This standard is "identical" to the standard for assessing whether a claim should be dismissed under Rule 12(b)(6) and, thus, to the standard for determining whether an amendment is futile. *See Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (noting that "[t]he district court properly applied an identical standard in assessing" a motion for default judgment and motion to dismiss); *see also Young-Flynn v. Wright*, No. 05-CV-1488 (LAK), 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) ("A default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting

3

defendant, regardless of whether the defendant filed a prompt response, or any response at all.").

The Court must liberally construe Plaintiff's *pro se* complaint. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Even when a plaintiff is *pro se*, however, a complaint can be dismissed with prejudice where the complaint's defects are "substantive" and cannot be cured through "better pleading." *See Heicklen v. U.S. Dep't of Homeland Sec.*, No. 10-CV-2239 (RJH) (JLC), 2011 WL 3841543, at *17 (S.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4442669 (S.D.N.Y. Sept. 23, 2011) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## DISCUSSION

As an initial matter, Decastro spends a substantial portion of his motion arguing that he should be allowed to amend the complaint to identify (and serve) the correct corporate defendant. Plaintiff alleges that Norrell Corporation merged with another company and became "SPN Group," which (unlike Norrell) is incorporated in Florida. According to Decastro, "serving process on 'SPN Group' would involve only a change of name and address, with Plaintiff's complaint on the merits and prayer for relief remaining the same, in that 'Norrell' 'Corporation' has merged with another entity to form another entity known as 'SPN Group.'" Dkt. 31 at 10.[1] Before the Court will allow Decastro to amend his complaint and substitute SPN Group for Norrell, however, Plaintiff must establish that his motion to amend would not be futile. Here, that means Decastro must propose amendments curing the substantive defects in his original complaint—defects that this Court identified when it denied Plaintiff's motion for default judgment. In short, both then and now Decastro has failed to allege a sufficient basis for his allegations that he was discriminated against based on his disability or race.

---

[1] Although Plaintiff seems to admit that he does not intend to change the "merits and prayer for relief" in his complaint, *see id.*, the Court liberally construes his statement that "the Plaintiff must plead a prima facie case under the ADA," *see id.* at 12, as an argument that he believes he has done so based on the facts in his memorandum of law and the attached fact sheet.

4

To establish Defendant's liability for discrimination under the ADA, Plaintiff must show that "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) [the plaintiff] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [the plaintiff] suffered an adverse employment action; and (5) the adverse action was imposed because of [the plaintiff's] disability." *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). As to the last element specifically, "a plaintiff must show that the adverse employment action 'took place under circumstances giving rise to an inference of discrimination.'" *Id.* (citation omitted).

Even assuming that Decastro has adequately alleged the first four of these elements, he has failed to allege any facts giving rise to an inference that Defendant discriminated against him *because of* his alleged disability. As this Court noted in denying Decastro's motion for default judgment, for example, Plaintiff has failed to allege that Norrell gave preferential treatment to non-disabled applicants or that Norrell's employees made any comments or took any actions that could give rise to an inference of discriminatory animus. *See Idlisan v. New York City Health & Hosps. Corp.*, No. 12 CIV. 9163 PAE, 2013 WL 6049076, at *4 (S.D.N.Y. Nov. 15, 2013). Decastro asserts that Norrell's statement that "there was no suitable work available" was a pretext, but he then specifies that it was a pretext for discrimination on the basis of Plaintiff's involvement in a class action settlement—not discrimination on the basis of his alleged disability. *See* Dkt. 31 at 15. Furthermore, Decastro does not allege that Defendant knew about his disability during the relevant time period. According to Decastro, "Norrell Corp[.] knew [he] was disabled because in 2015 Defendant was contacted by the EEOC after Plaintiff filed a complaint." *Id.* at 16. But Decastro alleges that Defendant started refusing to hire or place him in the 1990s, well before 2015. *See* Dkt. 31 at 5, 15.

Similarly, Plaintiff's allegation that he made "[s]everal . . . efforts to be hired for temporary

5

work . . . after he had become disabled" does not establish any causal link between his disability and the reason for Defendant's purported refusal to place him. Decastro's conclusory statement that he "believes that Norrell Corp[.] does not want to be bothered with him" further fails to establish that it discriminated against him on the basis of his disability. "[B]ald speculation" about an employer's motives cannot establish liability under the ADA. *Id.* at *5. Rather, a plaintiff must allege facts "that could give rise to an inference of discriminatory animus," as explained above. *Id.* Plaintiff has not made any such allegations here. Thus, he has failed to allege facts that would entitle him to relief on his claim for discrimination under the ADA.

As for Decastro's claim for racial discrimination, he has not alleged any facts whatsoever. Plaintiff does not even mention his race in his motion for leave to amend. To the extent that Decastro wishes to pursue this claim further, he must at least allege facts showing that he "belonged to a protected class" (such as a racial group); that he was qualified for the relevant position; "that he suffered an adverse employment action"; and that "the adverse employment action occurred under circumstances giving rise to an inference" that Defendant intended to discriminate against him because of his race. *See Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008). For now, however, Decastro has failed to allege sufficient facts in support of his racial-discrimination claim.

## CONCLUSION

For the reasons explained above, the Court denies Plaintiff's motion for leave to amend. In light of Decastro's *pro se* status, the Court exercises its discretion to do so without prejudice. If Decastro seeks to proceed with this action, he may file a renewed motion for leave to amend. Decastro must attach to his motion a proposed amended complaint that alleges facts sufficient to establish all the elements of his ADA and/or race-discrimination claims as explained above. *See Davis*, 804 F.3d at 235. The amended complaint must incorporate all of his proposed amendments,

6

including any proposed changes to factual allegations, legal claims, and Defendant's identity. **If Plaintiff chooses to file a motion for leave to amend and a proposed amended complaint, he must do so by February 9, 2018. The failure to file such a motion (along with the attached proposed amended complaint) by that date will result in the dismissal of the case with prejudice.**

Plaintiff is once again advised that a legal clinic has opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). Enclosed is an information sheet with further information regarding the Clinic.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket No. 30.

SO ORDERED.

Dated:     January 9, 2018
           New York, New York

Ronnie Abrams
United States District Judge



**NYLAG**
NEW YORK LEGAL ASSISTANCE GROUP

Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

Thurgood Marshall
United States Courthouse
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
1 p.m. - 5 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of
**UJA❤Federation**
*of New York*