UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/8/19

---

GREGORY DECASTRO,

                Plaintiff,

v.

RANDSTAD PROFESSIONALS US, LLC,

                Defendant.

No. 15-CV-0944 (RA)

MEMORANDUM OPINION
& ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Gregory Decastro, proceeding *pro se*, brings this action against Defendant Randstad Professionals US, LLC, an employment agency, asserting that Defendant discriminated against him by refusing to find work for him on the basis of his physical disabilities. After initially serving a now defunct corporate defendant, the Norrell Corporation, Plaintiff sought leave to amend his complaint, which this Court granted. Defendant now moves to dismiss Plaintiff's amended complaint for failure to state a claim, failure to exhaust, and untimeliness. For the reasons that follow, the case is dismissed with prejudice.

## BACKGROUND

The following facts are drawn from Plaintiff's amended complaint, original complaint, and two declarations filed in support of his motions for leave to amend his original complaint.[1] *See*

---

[1] Given Plaintiff's *pro se* status, this Court will consider his original complaint and declarations as incorporated by reference in his amended complaint. *See Mingues v. Nelson*, No. 96-CV-5396 (GBD), 2004 WL 324898, at *2 (S.D.N.Y. Feb. 20, 2004); *Hughes v. Salerno*, No. 11-CV-9094 (NRB), 2012 WL 6097775, at *2 (S.D.N.Y. Dec. 5, 2012).

Orig. Compl.; June 2, 2017 Decastro Decl. ("First Decastro Decl."); February 6, 2018 Decastro Decl. ("Second Decastro Decl."); Am. Compl.

Mr. Decastro is a disabled New York resident currently collecting social security disability benefits on the basis of injuries from two car accidents which resulted in "permanent damage to [his] legs, knees, back[,] [and] neck." Am. Compl. at 5. This limits his ability to "walk, stand[,] and lift." Second Decastro Decl. at 4. In or around 1990, Plaintiff alleges, he sought assistance from Norrell, an employment agency which found temporary work for him as a paralegal. First Decastro Decl. at 15.

After Plaintiff's paralegal position ended, he asserts that he sought further employment from Norrell, but that Norrell continually failed to find jobs for him. Second Decastro Decl. at 5. In response to Plaintiff's requests, Norrell allegedly informed Plaintiff that "there was no suitable work available." First Decastro Decl. at 15. According to Plaintiff, this justification was a "pretext," and, in truth, Norrell refused to consider him for employment placements based on his physical disabilities. *Id.* at 15–16; *see id* (alleging that Norrell "had available placements for which [Plaintiff] was qualified" but "[did] not want to be bothered with [Plaintiff]" and "did not want to give Plaintiff an adequate answer . . . regarding why he was not considered for employment"). Plaintiff also asserts that "[Norrell] knew [he] was disabled because in 2015 [Norrell] was contacted by the EEOC after Plaintiff filed a complaint." *Id.* at 16.

On September 28, 2006, Norrell was dissolved as a corporation by the Georgia Secretary of State. *See id.* at 18. After its dissolution, Norrell listed Spherion Corporation as the forwarding address for "[a]ny process served on [Norrell]." *Id.* at 19. Plaintiff asserts that Spherion, which, according to him, later became Defendant Randstad Professionals US, LLC, is liable for the same

2

acts which Plaintiff initially alleged against Norrell.[2] Am. Compl. at 1; Pl.'s Notice of Mot. for Summ. Judgment at 9-10.

## PROCEDURAL HISTORY

On December 20, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Am. Compl. at 6. Plaintiff's EEOC charge named Norrell, which at that time no longer existed, as the respondent. *See* Orig. Compl. at 3, 5. The EEOC dismissed the charge on January 22, 2015 and provided Plaintiff with a Notice of Right to Sue. *See* Am. Compl. at 9. Plaintiff then filed this lawsuit against Norrell on February 6, 2015, seeking employment, disability accommodation, and an unspecified amount of money damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* ("Title I"). *See* Orig. Compl at 1-4.

Norrell failed to respond to the complaint, and Plaintiff moved for default on September 16, 2016. *See* Mot. for Default Judgment. This Court refused to grant a default judgment, but permitted Plaintiff to move to amend his complaint against a proper defendant. *See* April 6, 2017 Order.

Plaintiff then sought leave to amend his complaint to name "SPN Group" as the defendant in this action, alleging that this was the new corporate name of Spherion Corporation, which, according to him, was formerly Norrell. *See* First Decastro Decl. at 7. This Court denied Plaintiff's first motion to amend his complaint without prejudice, finding that he had "failed to

---

[2] When this Court granted leave to amend and permitted Plaintiff to effectuate service on the appropriate defendant, *see* May 24, 2018 Order of Service, Plaintiff named "Randstad Professionals (formerly Norrell Corporation)" as the recipient of service, and process was effectuated on Defendant, *see* Process Receipt and Return Form, Dkt. No. 38. In his motion for summary judgment, construed by this Court as a reply to Defendant's motion to dismiss, *see infra.*, n. 3, Plaintiff claims that "the entity which was previously known as [Norrell] has merged with another entity and [is] now known as '[Randstadt] Professionals.'" Pl.'s Notice of Mot. for Summ. Judgment, Dkt. 46, at 9–10. Defendant maintains that there is no "corporate relationship between Norrell and Randstad." Def.'s Mem. at 5.

allege that Norrell gave preferential treatment to non-disabled applicants or that Norrell's employees made any comments or took any actions that could give rise to an inference of discriminatory animus." January 9, 2018 Opinion & Order ("Opinion & Order") at 6. In other words, this Court held that whether or not Norrell or SPN Group was the proper defendant, the proposed amendment would be futile against either defendant because Plaintiff had failed to plausibly allege "that Norrell discriminated against him on the basis of his disability." *Id.* at 4, 6. In light of Plaintiff's *pro se* status, the Court dismissed Plaintiff's motion for leave to amend without prejudice. *Id.* at 6. The Court instructed Decastro that, if he proceeded to file a renewed motion for leave to amend, he must attach to his motion "a proposed amended complaint that alleges facts sufficient to establish all the elements of his ADA and/or race-discrimination claims." *Id.*

On February 6, 2018, Plaintiff filed a second declaration in support of a new motion to amend, although he did not include an amended complaint with this motion. *See* Second Decastro Decl. Given Decastro's *pro se* status, the Court allowed him, by May 28, 2018, to "amend his complaint and serve the new amended complaint on the proper Defendant." April 24, 2018 Order at 1. The Court instructed Decastro that this amended complaint must "include[] all factual allegations and claims that he has a good-faith basis for bringing against Defendant." *Id.* at 1-2.

Plaintiff filed an amended complaint on May 23, 2018. *See* Am. Compl. This complaint differs from Plaintiff's original complaint in three substantive ways. First, Plaintiff now names Defendant Randstad Professionals US, LLC as the sole defendant in this case, which he claims was formerly SPN Group. *See id.* at 1; Pl.'s Notice of Mot. for Summ. Judgment at 9-10. Second, Plaintiff includes a one-page "Addendum to Complaint" explaining his continuing efforts to find

work. *See id.* at 8. Finally, Plaintiff asks for ten million dollars in damages. *See* Second Decastro Decl. at 4.

On August 22, 2018, Defendant moved to dismiss the amended complaint for failure to state a claim, failure to exhaust, and untimeliness. Plaintiff responded on September 4, 2018, and Defendant replied on September 18, 2018.[3]

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In so doing, this Court must "assume all factual allegations contained in the complaint are true, and draw all inferences in the light most favorable to the non-moving party." *Ambrose v. Dell*, No. 12-CV-6721 (JPO), 2016 WL 894456, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Twombly*, 550 U.S. at 572) (quotation marks, citations, and alterations omitted). Nonetheless, the court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[3] Although Plaintiff's response is labeled a "motion for summary judgment" and briefly asserts that Defendant raises no genuine issue of material fact, *see* Pl.'s Notice of Mot. for Summ. Judgment at 14–15, his motion focuses primarily on Defendant's motion to dismiss and repeatedly cites to law governing motions to dismiss, *see id.* at 8-9. The parties, moreover, have not engaged in any discovery, nor has Plaintiff submitted affidavits or other evidence in support of a motion for summary judgment. *See* Local Civil Rule 56.1 ("Upon any motion for summary judgment . . . there shall be annexed to the notice of motion a separate, short and concise statement . . . of material facts as to which the moving party contends there is no genuine issue to be tried."). This Court therefore treats Plaintiff's motion as an opposition to Defendant's motion to dismiss.

"In the case of a *pro se* litigant, the court reads the pleadings leniently and construes them to raise 'the strongest arguments that they suggest.'" *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). "Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Vlad-Berindan v. MTA New York City Transit*, No. 14-CV-0675 (RJS), 2014 WL 6982929, at *5 (S.D.N.Y. Dec. 10, 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir.1997)).

## DISCUSSION

### I. Plaintiff's ADA Claim

Plaintiff alleges that Defendant refused to place or consider placing him with an employer because of his physical disability, thereby violating Title I of the ADA, 42 U.S.C. § 12101, *et seq.*

Title I of the ADA prohibits discrimination in hiring decisions against any "qualified individual on the basis of disability." 42 U.S.C. § 12112(a). In order to survive a motion to dismiss under this statute, a plaintiff must plausibly allege that "(1) the employer is subject to the ADA;[4] (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [his] employer; (3) [he] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) [he] suffered an adverse employment action; and (5) the adverse action was imposed because of [his] disability." *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). With respect to the final element, "a plaintiff must show that the adverse employment action 'took place under circumstances giving rise to an inference of discrimination.'" *Id.* (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). To do so, a plaintiff

---

[4] For liability under the ADA, "[t]he joint employer doctrine has been applied to temporary employment or staffing agencies and their client entities." *Haight v. NYU Langone Med. Ctr., Inc.*, No. 13 Civ. 4993 (LGS), 2014 WL 2933190, at *11 (S.D.N.Y. June 27, 2014) (internal quotation marks omitted).

6

bears the burden to "plead a plausible nexus between his disability and [the defendant's] failure to hire him." *Idlisan v. New York City Health & Hosps. Corp.*, No. 12-CV-9163 (PAE), 2013 WL 6049076, at *5 (S.D.N.Y. Nov. 15, 2013).

Here, Plaintiff has failed to plausibly allege that Norrell refused to place him with an employer because of his physical disabilities. In its January 9, 2018 Opinion and Order, this Court made clear that Plaintiff had failed to assert any factual basis supporting a "causal link between his disability and the reason for Defendant's purported refusal to place him." *See* Opinion & Order at 6. In his amended complaint, however, Plaintiff continues simply to state that "[he] was not considered for employment that [he] applied for" and "was not hired due to [his] disability," without providing any basis for such claims. Am. Compl. at 5.

Even assuming, as Plaintiff contends, that Defendant was formerly Norrell and may be responsible for the discriminatory acts alleged against its predecessor, Plaintiff's conclusory allegations are inadequate to state a claim under Title I of the ADA. As before, Plaintiff has not alleged any "circumstances giving rise to an inference of discrimination." *Graham*, 230 F.3d at 39. He has not, for instance, attributed a single comment to Defendant that could be viewed as reflecting "discriminatory animus," nor has he claimed that Defendant gave "non-disabled applicants preferential treatment." *Idlisan*, 2013 WL 6049076, at *5; *see also Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB) (HBP), 2014 WL 1259616, at *7 (S.D.N.Y. Mar. 24, 2014) (dismissing the plaintiff's ADA claim as "plainly insufficient" where he had done nothing more than conclusorily assert that the "[d]efendants' various actions were taken on account of his disability"); *Jiggetts v. Local 32BJ, SEIU*, No. 10 Civ. 9082 (DAB)(JCF), 2011 WL 4056312, at *2 (S.D.N.Y. Aug. 10, 2011) (Report & Recommendation), *adopted by* No. 10 Civ. 9082 (DAB), 2011 WL 4072033 (S.D.N.Y. Sept. 13, 2011) (dismissing the plaintiff's ADA claim where he

"fail[ed] to allege a connection between his claimed disabilities and any adverse employment action taken against him"). Absent any such allegation, "discrimination is no more than one conceivable explanation for [Defendant's] actions." *Graham v. Macy's Inc.*, No. 14-CV-3192 (PAE), 2015 WL 1413643 at *4 (S.D.N.Y. March 23, 2015). Because Plaintiff's bald allegations fail even to "nudg[e] [his] claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, the Court grants Defendant's motion to dismiss Plaintiff's disability discrimination under the ADA.[5]

## II. Leave to Amend

Generally, "where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Henriquez-Ford v. Council of Sch. Supervisors and Adm'r*, No. 14-CV-2496 (JPO), 2016 WL 93863, at *2 (S.D.N.Y. Jan. 7, 2016) (quotation marks omitted). Nevertheless, "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and leave may be denied in instances of "repeated failure to cure deficiencies by amendments previously allowed," *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

In denying Plaintiff's initial motion for leave to amend his complaint, the Court made clear that he had failed to "establish any causal link between his disability and the reason for Defendant's purported refusal to place him." Opinion & Order at 6. As a result, it instructed Plaintiff that he must allege sufficient facts to establish this element of his claim. *See id.* The Court subsequently granted Plaintiff's renewed motion to amend his complaint (although he had not submitted the

---

[5] In light of this conclusion, the Court does not address Defendant's exhaustion and timeliness arguments.

proposed amendment), but again warned him that he must "include[] all factual allegations...that he has a good-faith basis for bringing against Defendant." April 24, 2018 Order at 1-2. Nevertheless, as in his original complaint, Plaintiff has failed to adequately allege that Defendant did not place him with an employer *because* of his physical disabilities.

Because the same deficiencies in Decastro's original complaint remain in his amended complaint, even after he was advised that such deficiencies would prove fatal to his claim, it does not appear that further amendment would be productive. *See, e.g., TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014) (denying leave to amend was proper where a plaintiff had already failed to cure pleading deficiencies and did not specify what new facts it had that would cure those deficiencies); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (dismissing claim with prejudice was proper in absence of any indication that a plaintiff could provide additional allegations leading to a different result). Accordingly, this case is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted with prejudice. The Clerk of the Court is respectfully requested to terminate the motions pending at Docket Numbers 44 & 46 and close this case.

SO ORDERED.

Dated: January 8, 2019
New York, New York

Ronnie Abrams
United States District Judge